Campbell, Chief Justice,
delivered the opinion of the court :
The petition avers and the proof shows that the plaintiff was engaged under a written contract. He agreed to serve *25 with the Graves Registration Service, Quartermaster Corps, in connection with the removal of the dead in Europe. His compensation was fixed by the agreement, which also provided that allowances prescribed by Army regulations or general orders for civilian employees were authorized under the agreement. He relies on Army Regulation 733, which directs that civilian employees may be allowed, “when their orders so prescribe,” flat per diem allowances “when traveling and when on duty for the first 30 days at places designated in their orders for the performance of temporary duty” and have reimbursement of actual expenses when traveling under competent orders.
The plaintiff, residing in Washington, D. C., was ordered to proceed to New York and take passage on a Government transport sailing .for Southampton. Two days’ time was consumed from date of leaving Washington until date of sailing and he was paid the per diem allowance for those two days. He was furnished transportation and subsistence to Southampton. His contention is that he is entitled to a per diem allowance of $4 for a stated period because he says, “Southampton was the station named in plaintiff’s orders,” but there is no order produced to establish this. He was under contract. The port to which he went was Southampton. He performed his service at Swaythling, a distance, it is claimed, of about two miles from Southampton, and, so far as the record discloses, the plaintiff was assigned to duty at Swaythling. He performed none elsewhere. If he traveled from the one place to another, it does not appear that he did so “under competent orders.” The plaintiff has no claim to the “ bonus ” allowed certain Government employees, the act not extending its provisions to contract employees rendering service in foreign countries, The Comptroller General disallowed the claim asserted, and we think he was right. The petition should be dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; and Booth, Judge, concur.
Green, Judge, took no part in the decision of this case.